# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Dr. Jayaram Bharadwaj, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) | |
| | ) | |
| Mid Dakota Clinic, P.C., Dr. Robert | ) | |
| Tanous, Dr. Shelly Seifert, Dr. Vijay Rao, | ) | |
| Marvin Lein, Dr. Steve Hamar, and Board | ) | |
| of Directors, Mid Dakota Clinic, P.C., | ) | |
| | ) | Case No. 1:16-cv-262 |
| Defendants. | ) | |

Before the Court is the Defendants' motion for summary judgment filed on October 30, 2017.  See Docket No. 103.  The Plaintiff filed a response in opposition to the motion on November 6, 2017.  See Docket No. 117.  The Defendants filed a reply brief on November 30, 2017.  See Docket No. 132.  ███████████████████████████████████

████████████████████████████████ North  Dakota.  ██████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████  For the reasons set forth below, the Defendants' motion for summary judgment is granted.

I.  **BACKGROUND**

███████████████ 50-████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

1

EXHIBIT

2



460 ███ See Docket No. 109, ¶ 2. ███ generally ███

███ See Docket No. 113-2, ¶ 6. ███

███" See Docket No. 113-1 § 4.13.

███ See Docket No. 113-1, § 4.13(A).

███ See Docket No. 113-1, § 4.13(A).

███" See Docket No. 29, ¶ 3. ███ See

2

Docket No. 113-2. ███████████████████████████████████████ <u>See</u> Docket

No. 113-2, ¶ 14(B)(4).



████████████████████████████

████████████████████████████████████

███████ <u>See</u> Docket No. 106, ¶ 1. ████████████████

████████████████████████████████████

██████████████████████████████ <u>See</u> Docket No. 113-48.

The record reveals ██████████████████████████████

████████████████████████ <u>See</u> Docket No. 113-67, p. 13. ███

████████████████████████████████████

████████████████████████

<u>See</u> Docket No. 113-3.

████████████████████████████████

███████████████████████ " <u>See</u> Docket Nos. 113-4 and 112-1. ██████

████████████████████████████████ <u>See</u> Docket Nos. 113-5 and 112-2.

████████████████████████████████

---

[1]Dr. Bharadwaj was referred to as "Dr. Jay."



See Docket Nos. 113-4, 113-6, 112-1, and 112-3.

See Docket No. 113-7.

See Docket Nos. 113-11 and 110-1.

relevant



See Docket No. 113-11.

See Docket No. 113-12.

See Docket No. 113-12.  Dr. ▮▮▮ Dr.

Dr.

Nurse

See Docket No. 113-13. ▮▮▮ Nurse

Dr. ▮ Dr. ▮ and Dr. ▮▮▮ :

See Docket No. 113-12.

See Docket No. 1, ¶ 4.

See Docket No. 113-12.



in Bismarck

the concert.  <u>See</u> Docket No. 113-67, pp. 40-41.

<u>See</u> Docket No. 113-15.

Steven

<u>Id.</u> Dr.

<u>Id.</u>

d .[2] <u>Id.</u>

<u>See</u> Docket Nos. 113-16 and 110-3

<u>See</u> Docket Nos. 113-17 and 113-18.

<u>Id.</u>

<u>Id.</u> Dr.

<u>Id.</u>

<u>See</u> Docket Nos. 113-18 and 110-5.  <u>See</u> Docket No. 113-17.

---

[2]3 Dr. Rao was fined by the clinic for being behind on his charting in June of 2012.  <u>See</u> Docket No. 113-9.l  Dr. Bharadwaj's complaint about this forms the basis for Dr. Bharadwaj's claim of "Medicare fraud" under the False Claims Act.  <u>See</u> Docket Nos. l; 113-61, pp. 47; 122-123; 146; and 147.

6



See Docket No. 113-17.

See Docket Nos. 113-19 and 110-6.

Dr.

Id.

Dr.

See Docket Nos. 113-20, 113-21, 113-22 and 110-7.



See Docket No. 113-21. ███████████████████████████ Docket No.

113-22 and 110-7. ████████████████████████████████████

████████████████████████ Id. ████████████████████████████

████████████████████████████ Id.

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

in relevant part ███

See Docket No. 113-24. ████████████████████████████

████████████████████████████ See Docket No. 113-23, p. 1. ████████

████████████████████████████████████

████████████████████████████████████ Id. at

7. ████████████



See Docket No. 113-23, p. 8. ███████████████████████████████████

███████████████████ the following:

See Docket No. 113-23, p. 14.

The record reveals that ████████ ██████████ed ████ discrimination ████████

████████████████████████████ at the clinic while he was attending the Vanderbilt

Program. See Docket Nos. 113-23 and 113-24. ████████ did not ██████████████████

████████████████████████████

████████████████████████████████████████████████████ See

Docket No. 113-23. ███████████████████████████████████████

███████████████████████████████████████ See Docket No.

113-25. ███████████████████████████████████████

████ ████████████████████████████████████████████

████████████████████████████████████████████████

████████████ Id.

9



On ███████████████████████████████████████████████████████

████████████████████████████████████████████████████ _See_

Docket No. 113-26. █████████████████████████████████████

████████████████████████████████████████████████████████ _Id._

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████ _Id._

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

_See_ Docket No. 113-27. ███████████████████████████████ Dr.

███████████████████████████████████████████████████████████

██████████ _See_ Docket No. 113-29. ████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████ _Id._

████████████████████████████████████████████████████████

███████████████████████ _See_ Docket No. 113-33. ███████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████ _See_ Docket Nos. 113-33 and 113-65.

██████████████████████████████████████ j voluntarily █████████

██████████████████████████████████████

10



See

Docket No. 113-34.

See Docket No. 113-34.

See Docket No. 113-35. Dr. Graham

Id. Dr.

Id.

Dr.

was

authored by Pam which relevant





13



See Docket No. 113-36. ███████████████ subsequently ███████████████ the

████ Institute, ███████████████████ See Docket No. 114-19, ¶ 8.

████████████████████████████████████

███████████████ See Docket No. 113-37. ██████████████████████

████████████████████████████████████████████

██████████████████████████████████████

See Docket No. 113-38. ████████████████████

Id. On November 20, 2014, at 9:00 a.m. ████████████

███████████████████████████████████ See Docket No.

113-39.



the ███ Institute's

See Docket No. 113-40, p. 2.

Id. at p. 1.

Id.

See Docket No. 113-73, p. 22.



See Docket No. 113-65, pp. 108-111 and 52-53.

See Docket No. 113-41.

Id.

See Docket No. 113-42.

Id.

See Docket No. 113-43.

See Docket No. 114-7. 50.

" Id.

The ___t was e___

"___" and states"

Id. Dr. Bharadwaj never ___ed ___ discrimination ___ his ___ to the North Dakota Department of Labor.

16



See Docket No. 114-8.

" Id.

Id. Labor Department,

See Docket No. 113-50 and 113-61, pp. 276-77.

See Docket No. 113-44.

Id.

Id. An outline of the presentations made was captured in a memo that states as follows:

1. Introduction - Dr. Seifert, President

    a. Dr. J is currently suspended for reasons brought forth tonight.

    b. BOD, Administration, Medical Director and outside professionals have been engaged over an intensive period of more than one year in an effort to address issues; regrettably the efforts have not corrected the issues to be

presented tonight.

c. BOD does not enter into this discussion lightly or without due consideration of the impact on the Dr. J's practice.·

d. BOD enters into this discussion as a matter of protecting and enhancing our Clinic's practice reputation, work environment, peer collegiality, department practice standards and BOD-directed process in attempts to support positive change and retention.

2. Dr J's Presentation -1egal and/or Dr. J·

3. Practice Reputation - Marvin J. Lein, CEO

   a. Reports of community physicians redirecting patients to someone other than Dr. J because of poor patient interaction skills (refusing to answer patient questions, curt and one-sided interactions with patient families). We expect better from everyone in our organization.

   b. Reports of Sanford physicians receiving follow-up on-going care transfers of Dr. J's. One noted a good portion of her practice has been former Dr. J patients. "We see a lot of his patient." This is a significant disruption to patients and reflects poorly on the entire Clinic.

   c. The extraordinary demand for Hem/Onc services with modest supply is a frustrating experience for patients to begin with. When that experience is further hampered by the perception of poor patient skills, the patient experience suffers exponentially. And our reputation suffers exponentially.

4. Staff Work Environment unhealthy Pam Crawford

   a. Staff report repeated need to clarify orders, seek orders not fully recorded in the chart and other necessary additional communications not experienced with other physicians to the point of nursing staff becoming concerned that they may be party to an adverse clinical event.

   b. Staff report attempts to improve communication are frequently met with outright refusal to discuss concerns. Changes in nursing support did not correct the situation.

   c. The entire infusion nursing team have advised administration that Dr. J's return would compel them to seek employment elsewhere, as the

18

environment is too risky and unhealthy with his presence.

d.    Two nurses have had a patient complaint filed against them with the Board of Nursing concerning the experience of a patient of Dr. J's. Each engaged legal counsel to address. Allegations were dismissed but the perception is that Dr. J's return do to the above will expose them to further complaints and allegations against their licenses.

See Docket No. 113-47.



█████████████████████ also █████ at the meeting. ████████████

████████████████████████████████████████████████

████████████████████████ See Docket Nos. 113-65, pp. 136, 142-44 and 107, ¶

5. █ essentially ███████████████████████████████████████

█████████████████████████ See Docket No. 113-65.

████████████████████████████████████████████████

███████████████████████████████████ See Docket No. 113-48.

████████████████████████████████ Dr. Bharadwaj. Id.

████████████████████████████████████████████████

See Docket No. 107, ¶ 7. The record reveals that █████████████████████

██████████████████ Id. at ¶ 8. Attorney ████████████████

██████████████████ Id. █████████████████████████████

███████████████ Id. ██████████████████████████████

███████████████ Id. at ¶ 10. ██████████████████████

███████████████████████████████████ Id. █████████

████████████████████████████ See Docket No. 113-49.

## II.    <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. <u>Davison v. City of Minneapolis, Minn.</u>, 490 F.3d 648, 654 (8th Cir. 2007); <u>see</u> Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. <u>Id.</u>

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. <u>Diesel Mach., Inc. v. B.R. Lee Indus., Inc.</u>, 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. <u>Torgerson v. City of Rochester</u>, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. <u>Id.</u>; Fed. R. Civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment. <u>Anderson</u>, 477 U.S. at 252.

## III.    <u>LEGAL DISCUSSION</u>

### A.    <u>TITLE VII RACE AND NATIONAL ORIGIN DISCRIMINATION</u>

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████

████████████████████████████████████████████, and

arguably ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████



Dr. Bharadwaj's complaint to the North Dakota Department of Labor never directly or indirectly mentioned claims of racial discrimination or any claims even remotely related. See Docket No. 114-15. During ███████████████ he was ████████████ ███████████████████████████ See Docket No. 113-61, pp. 38-61. Dr. Bharadwaj said that ████████████████████████████ ████████ See Docket No. 113-61, p. 39. ████████████████████████ ████████████ See Docket No. 113-61, pp. 39-40. ████████████ ██████████████████████████████████████ ████████ See Docket No. 113-61, pp. 39-40. ████████████ ██████████████████████████████████████ ████████ See Docket No. 113-61, p. 42. ████████████████████ See Docket No. 113-61, pp. 48-49. According to the deposition of Dr. Bharadwaj, these three instances occurred from 2010-2013. Id. at pp. 56-59. Dr. Bharadwaj also said ██████████████████████████████ ████████████ See Docket No. 113-61, pp. 60-61. Dr. Bharadwaj admitted Nurse Kuch ████ ████████████ See Docket No. 113-61, pp. 60-61.

The Court finds that Dr. Bharadwaj has failed to present any direct evidence of racial discrimination by any decision-makers at Mid Dakota Clinic. ████████████ for the sake of argument that ████████████████████████████████████████

22



See Docket No. 113-61, pp. 253-254.  The Court finds the record is devoid of any direct evidence of racial discrimination by decision-makers at the clinic to support the claims of race or national origin discrimination.

██████████ undertake ████████████ under *McDonnell Douglas*.  A ████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ███████████████ The record reveals the Defendants have acknowledged ███████████████████ ████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████ Suffice it to say

the record reveals more than sufficient ██████████████████████nt

behavior to adequately show Dr. Bharadwaj was not ████████████████s.

The workplace had been plagued with dysfunction and displeasure for which Dr. Bharadwaj must

bear some responsibility. A careful and objective review of the entire record easily leads to that

conclusion. It is also clear and undisputed that ██████████ voluntarily ██████████████

████████████ on January 26, 2015. See Docket No. 107, ¶ 10.

████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████ It is well-established in the Eighth Circuit that█

general ██████████████████████████████████████

█████████████████████████████████████████████████



More important, a

See Docket No. 113-61, pp. 260-261.



The Court finds, and the record clearly establishes, that

shareholders' at the meeting

on January 26, 2015, The Court concludes as a matter of law that this

scenario does not equate with the

---

[3] The email notifying shareholders of the special meeting says that failure to attend the meeting or designate a proxy "is generally like voting against any proposed measure." See Docket No. 113-45.

Further, ███████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████ See Docket No. 71,

pp. 44, 19, 49, 51 -53. ████████████████████████████

See Docket No. 109, ¶ 3. ██████████████████████████

████████████████████████████████████ See Docket

Nos. 109-1, 109-2, 109-3, and 109-4. ████████████████

████████████████████ See Docket No. 111, ¶ 7. ████████

█████████████████████████████████████████████████

████████████████████ See Docket No. 113-71 pp. 100-01. The Court finds that

the Plaintiff has failed to sustain his burden to establish a prima facie case of race or national origin

discrimination.

Nevertheless, the event ███████████████████████████

█████████████████████████████████████████████████

████████████████████████████ It is well-established that ████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████ It is clear that ████

█████████████████████████████████████████████████

████████████████████████████████████

The Court expressly finds that the record is replete with more than sufficient evidence to

show Mid Dakota Clinic ██████████████████████████████ disciplinary ████

26

against Dr. Bharadwaj.  Under *McDonnell Douglas*, the ████ then ██s ████ the ████

████████████████████████████████████████████████████████████

██████████

      ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ (8th Cir. 2014)).  ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████-

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

      The Court finds there has been ██ relevant, admissible ████████ presented to show ████

████████████████████████████████████████████████████████████

████████████████████████████ the record reveals there was a good faith belief that

there was ████████████ Dr. Bharadwaj from the Oncology Department on January

26,2015.  The Plaintiff has failed to sustain his burden of proof to show pretext.  The Court finds

there is a lack of sufficient evidence to show pretext under the circumstances and, as such, summary judgment is warranted on this claim.

**B.** **PLAINTIFF'S TITLE VII RETALIATION CLAIM**

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████

Based on the reasons previously outlined above, the Court finds there is ████████████████ ████ ever ████████████████████████████████████ ████████████████████████████████, and his response was then a reference to the ████████ ████████████ from a non-decisionmaker/nurse. See Docket No. 114-16. The Court further finds that ████████████ has failed to ████████ that a ████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████ The Court finds this ████████████ as a matter of law ████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████████ against him by the Clinic, ████████████

28

███████████ as a matter of law.

C.    **ADA DISABILITY DISCRIMINATION**

The Eighth Circuit Court of Appeals has enumerated the elements needed to establish a

███████████████████████████

(1) he or she is a "disabled" person within the meaning of the ADA; (2) he or she is



██████████████████████████████ Kowitz v. Trinity

Health, 839 F.3d 742, 745 (8th Cir. 2016).

The Court finds that the record is devoid of any relevant evidence that Dr. Bharadwaj is "disabled" within the meaning of the ADA. Simply because Dr. Bharadwaj was disciplined and voluntarily chose to resign his position does not equate with a disability under the ADA. More important, it is well-established that personality quirks or character flaws, aberrations, or mannerisms do not equate with a physical impairment or mental impairment. ███████████ ██████████████████████████ Further, the fact that a physician does not get along with other nurses or physicians in a clinic environment does not equate with a

29

disability. In his deposition, Dr. Bharadwaj acknowledged that he does not have a disease or a disability. See Docket No. 113-61, pp. 229-31.

The Court expressly finds the Plaintiff has failed to present any relevant, admissible evidence to establish unlawful discrimination under the ADA. The Court notes that in the "Plaintiff's Response to Defendants' Motion for Summary Judgment" (Docket No. 117, p. 59) there was only 1/2 page and scant argument devoted to this claim. There is a total lack of sufficient evidence to create a genuine issue of material fact to support an ADA disability claim. This claim is subject to summary judgment of dismissal because there are no genuine issues of material fact in dispute and no facts to support a claim of disability.

### D. **FALSE CLAIMS ACT**

The Eighth Circuit Court of Appeals has established the elements of ██████████ ██████████████████ as follows:

██████████████████████████████████
██████████████████████████████████
██████████████████████████████████
██████████████████████████████████

The Court finds that the Plaintiff has failed to establish any specific facts or present relevant information of actual fraud, Medicare fraud, or any type of fraud that would trigger a claim under the False Claims Act for retaliation. The Court further finds that the record is devoid of any relevant, admissible evidence that Dr. Bharadwaj was actually terminated in retaliation for reporting alleged FCA violations. To the contrary, Dr. Bharadwaj voluntarily resigned before a vote was taken by the shareholders on January 26, 2015. The Court finds there are no genuine issues of

material facts in dispute to support a False Claims Act claim, and summary judgment of dismissal is warranted.

### E.     BREACH OF FIDUCIARY DUTIES

The undisputed evidence reveals that Dr. Bharadwaj was a shareholder at MDC. ███

specific ████████████████████████████████████████████████████████████████

Dr. Bharadwaj was without question an ██████████████████████████████████

by the shareholders ████████████████ Further, Dr. Bharadwaj voluntarily resigned his position on January 26, 2015, and confirmed the resignation on February 17, 2015. See Docket No. 113-49. The Court finds the breach of fiduciary duty claim is devoid of merit. There are no genuine issues of material fact that would allow a jury to return a verdict for the non-moving party on this claim.

## IV.     CONCLUSION

The Court has carefully reviewed the entire record and concludes that the Defendants' Motion for Summary Judgment (Docket No. 103) is **GRANTED**. The motion for a hearing (Docket No. 133) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of June, 2018.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court

31