# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

Dr. Robert J. Roswick,

        Plaintiff,

v.

Mid Dakota Clinic, P.C.,

        Defendant.

**ORDER ON
PRETRIAL MOTIONS**
Civil No. 17-44 ADM/ARS

_____

J. Ashwin Madia, Esq., Madia Law LLC,, Minneapolis, MN on behalf of Plaintiff.

Scott K. Porsborg, Esq., and Sarah E. Wall, Esq., Smith Porsborg Schweigert Armstrong Moldenhauer & Smith, Bismarck, ND, on behalf of Defendant.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for rulings on Defendant Mid Dakota Clinic, P.C.'s ("MDC") Motions in Limine [Docket Nos. 105, 107, 109, 111, 156, 158, 160, 162, and 164] and Motion for Hearing [Docket No. 173], and Plaintiff Dr. Robert J. Roswick's ("Dr. Roswick") Motions in Limine [Docket Nos. 114, 145, and 152].

## II.  DISCUSSION

Dr. Roswick alleges he was suspended by MDC's Board of Directors ("Board") and subsequently terminated by MDC's physician shareholders in retaliation for opposing MDC's "racially discriminatory actions" allegedly taken against Dr. Jayaram Bharadwaj ("Dr. Bharadwaj"), an Indian-American physician.  Compl. [Docket No. 1] ¶¶ 23, 34.  MDC denies the allegations and argues Dr. Roswick was suspended and terminated for filing a false complaint of discrimination, not for engaging in protected conduct.  MDC argues that Dr. Roswick's false

allegation was the cause of his suspension and termination, the "last straw" in a history of disruptive behavior since he resigned as the Medical Director of MDC.

A jury trial on Dr. Roswick's retaliation claim is scheduled for August 5, 2019. The parties have filed a number of pretrial motions. Based on the memoranda and documents filed to date, the Court makes the following preliminary rulings.[1] These rulings are intended to assist the parties in tailoring their evidence to expedite the presentation of testimony at trial. The parties may renew their arguments on the admissibility of evidence if the evidence at trial differs from the discussion here. An opportunity for preserving objections to these rulings will be provided on the first day of trial.

**A. MDC's Motions in Limine**

    **1. Motion to Exclude Evidence of Insurance**

MDC argues that any evidence of MDC's insurance coverage is not admissible under Federal Rule of Evidence 411, which prohibits the admission of insurance coverage for the purpose of proving fault. Roswick responds that he does not intend to introduce evidence of insurance coverage unless MDC opens the door to evidence of insurance by introducing evidence or argument regarding MDC's ability to pay a large verdict.

MDC's motion to exclude evidence of insurance is GRANTED. If Dr. Roswick contends at trial that a door has been opened to allow the evidence of insurance coverage, he must first obtain a ruling reversing the exclusion of evidence of insurance.

---

[1] The timing and location of the trial precludes oral argument on the pretrial motions. MDC's motion for oral argument is denied.

## 2. Motion to Exclude Evidence Regarding Opinions of Plaintiff's Job Performance of Non-Decisionmakers

MDC argues that evidence of non-decisionmakers' opinions regarding Dr. Roswick's competency as a physician are inadmissible on the issue of whether MDC retaliated against him. Dr. Roswick argues that the evidence is relevant to rebut MDC's argument that Dr. Roswick engaged in a pattern of disruptive behavior. MDC's assertions of a pattern of disruptive behavior were first documented in an October 2014 letter from the Board to Dr. Roswick. The letter, sent approximately three months before Dr. Roswick complained of discrimination against Dr. Bharadwaj, outlined six instances in which the Board perceived Dr. Roswick to have engaged in disruptive behavior. The Board stated that if the disruptive behaviors did not cease it would take disciplinary action that could result in termination. Dr. Roswick argues the allegations of disruptive incidents occurring prior to October 2014 are false, and he seeks to introduce evidence of non-decisionmakers to rebut the allegations.

Whether Dr. Roswick's behavior prior to October 2014 was in fact disruptive (as perceived by the Board) or was in fact proper (as perceived by Dr. Roswick) is not relevant to whether MDC retaliated against Dr. Roswick in 2015 for asserting a good faith, objectively reasonable claim of discrimination. The only relevance of the six incidents is to show that the Board perceived Dr. Roswick's behavior as disruptive. Therefore, evidence of the facts and circumstances underlying the pre-October 2014 incidents is inadmissible. Evidence underlying the pre-October 2014 incidents also threatens to confuse the jury and cause undue delay by creating mini trials on irrelevant issues.

Similarly, evidence to Dr. Roswick's competency as a physician or his character for

truthfulness are irrelevant to whether MDC retaliated against Dr. Roswick in 2015 for asserting a good faith and reasonably objective claim of discrimination.  Therefore, such evidence is not admissible.  MDC's motion to exclude evidence regarding non-decisionmakers' opinions regarding Dr. Roswick's job performance is GRANTED.

### 3.  Motion to Exclude Evidence Regarding Plaintiff's Request for Punitive Damages

MDC argues any evidence of Dr. Roswick's request for punitive damages must be excluded as irrelevant, because the claim for punitive damages is unsupported and improperly pled.  Dr. Roswick responds that Board members knew their actions were unlawful but retaliated against him anyway.

"Punitive damages are appropriate for victims of Title VII if the plaintiff has shown that the employer engaged in intentional discrimination and acted with "malice or with reckless indifference" to the plaintiff's federally protected rights."  Dominic v. DeVilbiss Air Power Co., 493 F.3d 968, 974 (8th Cir. 2007) (quoting 42 U.S.C. § 1981a(b)(1); Kolstad v. American Dental Ass'n, 527 U.S. 526, 535 (1999)).  "Malice and reckless indifference can be shown by demonstrating that an employer discriminated 'in the face of a perceived risk that its actions will violate federal law.'"  Id. (quoting Kolstad, 527 U.S. at 536).  This standard focuses on the employer's state of mind regarding its knowledge that it "may be acting in violation of federal law, not its awareness that it is engaging in discrimination." Id. (quoting Kolstad, 527 U.S. at 535).  "When an employer promptly and conscientiously responds to complaints of harassment or discrimination with good faith efforts, punitive damages are not warranted."  Id.

The summary judgment, trial briefs, and documents filed in this case do not suggest MDC acted with malice or reckless indifference to Dr. Roswick's rights under Title VII.  This is

4

not a case where an employee was the object of discrimination, reported it, and the company failed to investigate. Here, Dr. Roswick complained that a third party was the object of discrimination, and MDC promptly asked Dr. Roswick to meet with its compliance officer to investigate the basis for the complaint. Punitive damages are not appropriate under these circumstances. MDC's motion to exclude evidence of Dr. Roswick's request for punitive damages is GRANTED.

**4. Motion to Exclude Plaintiff's Expert Witnesses**

MDC moves to exclude any evidence or testimony from two experts retained by Dr. Roswick to support his alleged damages. MDC does not challenge the experts' qualifications, but contends their opinions include factual errors, improper calculations, and unsupported assumptions.

When evaluating the admissibility of expert testimony under Federal Rule of Evidence 702, a trial court serves as the gatekeeper to ensure the reliability and relevance of the expert testimony offered into evidence. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999). A trial court has broad discretion in fulfilling the gatekeeping role. Wagner v. Hesston Corp., 450 F.3d 756, 758 (8th Cir. 2006). The proffered testimony must be useful to the fact-finder, the expert must be qualified, and the proposed evidence must be reliable. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." United States v. Finch, 630 F.3d 1057, 1062 (8th Cir. 2011) (internal quotations and alterations omitted). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must

such testimony be excluded." Bonner v. ISP Techs., Inc., 259 F.3d 924, 929-30 (8th Cir. 2001). Doubts about the usefulness of an expert's testimony should generally be resolved in favor of admissibility. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 758 (8th Cir. 2006).

Here, the experts' opinions are not so fundamentally unsupported that they can offer the jury no assistance. Thus, the testimony and opinions by Dr. Roswick's experts are admissible. MDC's challenges to the opinions' factual bases, calculations, and assumptions go to the credibility of the experts' testimony, and MDC will be allowed to explore these challenges at trial during cross examination. MDC's motion in limine to exclude expert witnesses is DENIED.

**5. Motion to Exclude Witnesses and Evidence**

This motion expands on MDC's motion in limine discussed in Paragraph 2 (i.e., MDC's Motion to Exclude Evidence Regarding Opinions of Plaintiff's Job Performance of Non-Decisionmakers). MDC argues that evidence and testimony by non-decisionmakers is irrelevant to the Board's decision to suspend and recommended termination of Dr. Roswick. To the extent the evidence is offered as character evidence or evidence that some staff members enjoyed working with Dr. Roswick, the evidence is not admissible because it is not relevant. The evidence in this case should be focused on whether MDC terminated Dr. Roswick for asserting a good faith, objectively reasonable claim of discrimination against Dr. Bharadwaj.

Additionally, evidence related to the propriety of the Board's suspension of Dr. Bharadwaj is excluded because the merits of an underlying discrimination claim are not relevant to a retaliation claim. Buettner v. Arch Coal Sales Co., 216 F.3d 707, 714 (8th Cir. 2000). The evidence is also likely to confuse the jury. Consistent with this discussion, the motion to exclude

witnesses and evidence is GRANTED.

### 6. Motion to Exclude Evidence of Similarly Situated Physicians and Confidential Peer Review Information

MDC argues that evidence and argument regarding similarly situated physicians and confidential peer review information is not admissible because it is not relevant, would be unfairly prejudicial, confuses the issues, and is likely to mislead the jury. Dr. Roswick responds that the evidence is necessary to show that Dr. Roswick was reasonable in his belief that MDC was discriminating against Dr. Bharadwaj on the basis of race by treating white, American-born doctors more leniently than Dr. Bharadwaj.

The confidential peer review information in other physicians' files will be excluded at trial. The information is not relevant because the evidence to date is that Dr. Roswick did not know the reason for the Board's disciplinary action against Dr. Bharadwaj, and thus had no way of ascertaining whether the action against Dr. Bharadwaj was proportional to the actions taken against other physicians. Additionally, the peer review information is confidential and sensitive. Such evidence is likely to confuse the issues and mislead the jury. Any probative value of this evidence is far outweighed by its prejudicial value.

Dr. Roswick will be allowed to testify about his past roles at MDC on the Board and as Medical Director involving peer review issues. He will also be allowed to testify that he was aware of other physicians with severe disciplinary issues, but he is restricted from naming the physicians or the specifics of their conduct without further permission from the Court. MDC's motion to exclude evidence of similarly situated physicians and confidential peer review is GRANTED.

### 7. Motion to Exclude Evidence of Proposed Merger with Sanford

MDC argues that evidence and discussion of prior potential sales of MDC are not admissible because they are not relevant to Dr. Roswick's retaliation claim. Dr. Roswick argues the evidence is necessary to show why he was removed from the Board in 2012 and to show that he was not bitter or vindictive about his removal. Dr. Roswick contends the evidence is necessary to show that his disagreement with two Board members over the potential sale of MDC caused those members to be biased against him.

The motion to exclude evidence and discussion of prior potential sales of MDC is GRANTED. The specifics of the disagreement that allegedly led to Dr. Roswick's removal from the Board in 2012 are not relevant to whether MDC retaliated against Dr. Roswick in 2015 for making a good faith and objectively reasonable claim of discrimination. The disagreement can be broadly characterized as a disagreement over the future direction of MDC, a topic which has little to no evidentiary value and will likely lead to jury confusion over the issues being tried in this case.

### 8. Motion to Exclude Evidence of Legal Conclusions by a Witness

MDC moves to exclude any testimony of legal conclusions by its outside legal counsel, Michael C. Waller ("Waller"). Dr. Roswick responds that he intends to elicit testimony from Waller about his personal knowledge of the facts and his perception of those facts. During Waller's deposition, Waller was asked whether he believed that the facts alleged in an email by Dr. Roswick stated a reasonable concern of discrimination. MDC argues this and other questions improperly expanded the scope of Waller's deposition as a fact witness into an expert deposition.

Waller was not a decisionmaker in this case, and his opinion of Dr. Roswick's email is not relevant. It is for the jury to decide whether Dr. Roswick's email stated a reasonable concern of discrimination. Waller's opinion on this jury issue is inadmissible. The motion to exclude evidence of legal conclusions by a witness is GRANTED.

**9. Motion to Exclude Evidence of Plaintiff's Notes as Hearsay**

MDC argues that notes written by Dr. Roswick documenting his version of what transpired at various meetings are inadmissible hearsay. Dr. Roswick responds that some of the notes were made pursuant to his duties as medical director and are admissible as business records under Federal Rule of Evidence 803(6). He also argues that the contemporaneous notes of events occurring several years ago are admissible as recorded recollections under Federal Rule of Evidence 803(5).

Any notes offered for the purpose of litigating the merits of the disputes between Dr. Roswick and Board members that occurred prior to the January 2015 discrimination claim are excluded on relevance grounds. As to the other notes, if Dr. Roswick intends to testify in a manner consistent with the notes, he may use them to refresh his recollection, but they will not be admitted into evidence. The motion to exclude evidence of Dr. Roswick's notes as hearsay is GRANTED.

**B. Dr. Roswick's Pretrial Motions**

**1. Motion to Exclude Evidence and Argument Regarding the District Court's Opinion in <u>Bharadwaj v. Mid Dakota Clinic</u>**

Dr. Roswick argues the District Court's summary judgment order dismissing Dr. Bharadwaj's discrimination lawsuit is not admissible. The Court agrees. As discussed above,

9

the merits of an underlying discrimination claim are not relevant to a retaliation claim. Here, whether Dr. Roswick had a good faith, objectively reasonably belief that MDC was discriminating against Dr. Bharadwaj depends on what Dr. Roswick knew at the time he made the discrimination complaint, not on what a court later concluded. The motion to exclude evidence regarding the District Court's opinion in Bharadwaj v. Mid Dakota Clinic, No. 16-262 (D.N.D.) is GRANTED.

### 2. Motion to Strike Errata of Mike Waller

Dr. Roswick moves to strike an errata sheet that changes an answer Waller gave in his deposition to the question of whether it was reasonable for Dr. Roswick to be concerned about racial discrimination against Dr. Bharadwaj. As discussed above, Waller's opinion on the reasonableness of Dr. Roswick's concern is not relevant because he was not a decisionmaker. Additionally, the reasonableness of Dr. Roswick's concern is the issue the jury must decide. Because Waller's answer to the question is not admissible, the motion to strike errata is DENIED as moot.

### 3. Motion for Attorney-Conducted Voir Dire

Dr. Roswick requests up to 30 minutes of attorney-conducted voir dire to explore the jury pool's views on racial discrimination and awarding money damages. Attorney-conducted voir dire will be allowed but will be counted toward the time allocated to Dr. Roswick to present his case. The motion for attorney-conducted voir dire is GRANTED.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The following motions are preliminarily GRANTED as stated above:

   a. MDC's first, second, third, fifth, sixth, seventh, eighth, and ninth motions in limine [Docket Nos. 105, 107, 109, 156, 158, 160, 162, and 164]; and

   b. Dr. Roswick's motion in limine [Docket No. 114] and motion for attorney-conducted voir dire [Docket No. 145].

2. The following motions are preliminarily DENIED as stated above:

   a. MDC's fourth motion in limine [Docket No. 111] and motion for hearing [Docket No. 173]; and

   b. Dr. Roswick's Motion to Strike Errata [Docket No. 152].

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 1, 2019.